UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE BURLINGTON INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:12-CV-2301 NAB |
| STONEYBROOK ACQUISITION, INC., et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Stoneybrook Acquisition, Inc.'s ("Stoneybrook") Motion to Remove. In support of its motion, Stoneybrook requests that the Court "remove" this case to the Circuit Court of St. Louis County, Missouri, because 28 U.S.C. § 1332 requires total diversity of citizenship and total diversity does not exist as all defendants reside in the State of Missouri. Plaintiff filed a memorandum in opposition to Defendant Stoneybrook's motion stating that Defendant's motion is not authorized by any statute or any rule of civil procedure and that § 1332 does not require diversity of citizenship among a group of defendants. This matter is pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

This declaratory judgment action was filed on December 13, 2012, against Stoneybrook and defendants Gerard Clemons, Rasheda Myers, and Connie Meyers. [Doc. 1]. A default judgment was entered against defendants Gerard Clemons, Rasheda Myers, and Connie Myers on March 14, 2013. [Doc. 21]. Section 1332(a) confers diversity jurisdiction to the United States District Courts for civil actions where the matter in controversy exceeds $75,000,

exclusive of interests and costs and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Diversity of parties means that each plaintiff and each defendant are citizens of different states. There is no requirement that all plaintiffs or all defendants as a group are citizens of different states. Further, there is no "removal" of civil cases from federal court to state court. Civil cases that could have originally been brought in federal district courts can be removed by the defendant from state court to the federal district court for the district and division embracing the place where an action is pending. 28 U.S.C. § 1441(a). After removal of an action by a defendant, a plaintiff may move to remand the case to the state court from which it was removed within thirty days of the filing of the notice of removal. 28 U.S.C. § 1447(c).

In this action, the Court notes that Stoneybrook provided no evidentiary support for its motion. Second, because this case was originally brought in federal court, it cannot be "removed" or remanded to state court. Finally, default judgment has been entered against the other defendants and there is no evidence before the court that it lacks jurisdiction over this action with the parties currently before the court. Therefore, defendant Stoneybrook's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Remove is **DENIED**. [Doc. 7].

Dated this 19th day of March, 2013.

   /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE